### IN THE MATTER OF FRANCIS P. HICKEY, AN ATTORNEY AT LAW.

Argued November 5, 1975—Decided January 16, 1976.

*Mr. Lewis P. Dolan, Jr.* argued the cause for the Sussex County Ethics Committee.

*Mr. John J. Greco* argued the cause for respondent.

PER CURIAM. This disciplinary matter grows out of respondent's legal representation of the purchaser in a real estate transaction. As part of the closing, which was consummated by mail, the client delivered his personal check for $18,000 to respondent and also endorsed over to respondent a check payable to the client from a mortgage lending institution which was financing part of the transaction. Respondent deposited both checks in his trust account and then issued his check in the sum of $36,377.06 payable to the sellers and their attorneys and mailed it to them. The check was returned for insufficient funds and a deed for the property was not forthcoming.

After the client retained another attorney, respondent, upon the client's demand, repaid the $18,000 which the client had advanced at the closing. The loss sustained by the mortgage lending institution, amounting to some $18,000, was covered by a New Jersey Realty Title Insurance Company policy. In turn, the title insurance company was covered by a Firemen's Insurance Company policy.

Ultimately, the client, through his new attorney, was able to close title and received a deed to the property. Firemen's Insurance Company, which paid the title company's loss, has sued respondent for $18,000. Respondent is not defending the suit.

At the Ethics Committee hearing on May 19, 1975, at which respondent appeared and testified, he admitted that he used trust funds for improper purposes, including his own personal use, and that shortages in his trust account at any one time may have amounted to $65,000 or $70,000. He stated that restitution had been made in all cases except for the Firemen's Insurance Company matter and a separate claim involving some $2,000 filed with the Committee by Walter Kaczala. The Committee was satisfied that respondent "has exhausted his own personal funds

and has little, if any, assets from which to complete restitution."

The Committee found respondent's conduct to be clearly unethical and nonprofessional in violation of DR9–102 which is concerned with preserving the identity of funds and property of a client. It also found that at the time of the closing respondent was drinking heavily as a result of a distressing family problem and that this contributed to his difficulties. We are informed that respondent has given up the active practice of the law here and has moved to a western state.

We have sympathy for respondent's personal problems. However, we cannot overlook the fact that there has been a misappropriation and misuse of substantial trust funds, some $20,000 of which remained unrepaid as of the May 19 hearing.

Under the circumstances, we conclude that appropriate discipline is a suspension from the practice of law for a period of three years and until the further order of this Court. Should respondent apply for reinstatement he will be required to demonstrate that he has made complete restitution of all losses he caused. He will also have to present satisfactory evidence that he has solved his drinking problem. So ordered.

*For suspension for three years*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ordered that Francis P. Hickey of Riverdale and Vernon Township, be suspended from the practice of law for three years and until further order of the Court, effective January 30, 1976; and it is further

Ordered that Francis P. Hickey be and hereby is restrained and enjoined from practicing law during the period of his suspension.